UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

TURCHROME KROM MEDENCİLİ
SANAYİ VE DIŞ TİCARET LİMİTED
ŞİRKETİ TURKEY,

    Applicant/Plaintiff,

v.

MUSTAFA ÇEVİK,
SEFA ÇEVİK, and
CHARISMA MARBLE LLC,

    Respondents/Defendants.
_____/

## NOTICE OF REMOVAL

Defendants Mustafa Çevik and Sefa Çevik (collectively, "Defendants") pursuant to 28 U.S.C. §§ 1441 and 1446 and 9 U.S.C. § 205, in addition to 28 U.S.C. §§ 1331, 1332, and 1367, hereby remove to this Court the instant action from the Circuit Court of the Eleventh Judicial Circuit of Florida, Miami-Dade County (the "State Court Action"). The grounds for this removal arise out of an international arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention"), as codified and implemented in the second chapter of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201-208.

**I.    INTRODUCTION**

    1.    Defendants hereby remove this case from state court to federal court because this Court has original jurisdiction, in that the subject matter of this action relates to an international arbitration agreement and subsequent award falling under the New York Convention. *See* 9

U.S.C. §§ 202 and 203.  Pursuant to the New York Convention, Defendants have an automatic right to remove this action to federal court.  *See* 9 U.S.C. § 205.

## II.   THE STATE COURT ACTION

2.   On March 27, 2019, Turchrome Krom Madencili Sanay Ve Dis Ticaret Limited Sirketi Turkey ("Turchrome"), a private company organized and existing under the laws of Turkey, filed the State Court Action.  As required by 9 U.S.C. § 205 (and 28 U.S.C. § 1446(a)), a true and accurate copy of the Complaint and all other papers filed in the State Court Action, along with the current docket sheet, are attached hereto as **Exhibit "A."**

3.   In the Application to Confirm and Enforce Foreign Arbitral Award & Amended Verified Complaint for Fraudulent Transfer, Foreclosure, and Injunctive Relief ("Application and Complaint") filed on June 26, 2019, Plaintiff seeks to confirm an arbitration award (the "Award"), which Plaintiff alleges is final and enforceable under the New York Convention.  All causes of action in the Application and Complaint relate to the Award, even those causes of action arising under state law, and are subject to removal under 9 U.S.C. § 205.

4.   Turchrome is the claimant in the underlying arbitration an Award creditor.

5.   Defendant Mustafa Çevik is one of fourteen respondents in the underlying arbitration and under the Award.

6.   Plaintiff's Application and Complaint seeks relief against Defendants Mustafa Çevik, Sefa Çevik, and Charisma Marble LLC.

## III.   GROUNDS FOR REMOVAL AND JURISDICTION

7.   Removal is supported by federal question jurisdiction under 28 U.S.C. §§ 1441 and 1446 and by the New York Convention at 9 U.S.C. § 205.  It is undisputed that there is a valid arbitration clause that falls under the New York Convention, providing this Court with original jurisdiction under 9 U.S.C. §§ 202, 203, and 205.

8. 9 U.S.C. § 205 states as follows:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the **defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending**. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal. For the purposes of Chapter 1 of this title any action or proceeding removed under this section shall be deemed to have been brought in the district court to which it is removed.

(Emphasis added).

9. This Notice of Removal is properly directed to this Court pursuant to 9 U.S.C. § 205 as it is the district court embracing Miami-Dade County, Florida, where Plaintiff's action is pending. *See* 28 U.S.C. § 117.

10. The subject matter of this case relates to an arbitration agreement and the Award that falls under the New York Convention codified at 9 U.S.C. § 201, *et seq.* An arbitration agreement falls under the New York Convention where: (1) there is an agreement to arbitrate; (2) the agreement provides for arbitration in the territory of a Convention signatory; (3) the agreement arises out of a commercial legal relationship; and (4) at least one party to the agreement is not a citizen of the United States. *See* 9 U.S.C. § 202.

11. Here, the arbitration agreement and Award fall under the New York Convention for the following reasons:

    a. There is an agreement to arbitrate, which Plaintiff has attached to the Application and Complaint;

    b. The agreement provides for arbitration in France, which is a signatory to the New York Convention;

    c. The agreement arises out of a commercial legal relationship; and

    d. None of the parties to the agreement are a citizen of the United States.

12. It not in dispute that this proceeding falls under the New York Convention, and removal of this entire action is proper pursuant to 9 U.S.C. § 205, because the entire action "relates to" an arbitration agreement, and the resulting Award, falling under the New York Convention. *See, e.g.*, *Infuturia Glob. Ltd. v. Sequus Pharm., Inc.*, 631 F.3d 1133, 1135 (9th Cir. 2011) ("[A]n arbitration agreement . . . falling under the Convention 'relates to' the subject matter of an action whenever it could conceivably affect the outcome of the plaintiff's suit.").

13. Specifically, all claims set forth under the Application and Complaint relate to the arbitration agreement and Award at issue. Counts II through XII in the Complaint rely directly on Plaintiff's attempts to confirm and enforce the Award.

14. In accordance with 28 U.S.C. § 1446(d) and 9 U.S.C. § 205, Defendants will promptly provide written notice of removal to the Circuit Court of the Eleventh Judicial Circuit and will file a copy of this Notice of Removal with the Clerk of Miami-Dade Circuit Court.

15. Defendants have the power to remove this action and join in this Notice of Removal.

16. Removal of this case is timely under 9 U.S.C. § 205.

17. By removing this action, Defendants neither waive any defenses available to them nor admit any of the allegations in Plaintiff's Application and Complaint.

**WHEREFORE**, Defendants respectfully provide notice of removal of this action now pending in the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, to this Court.

Dated:  July 12, 2019

        Respectfully submitted,

      By: */s/ Aliette D. Rodz*
       Aliette D. Rodz (FBN 173592)
       arodz@shutts.com
       Kristin Drecktrah Paz (FBN 91026)
       kpaz@shutts.com
       SHUTTS & BOWEN LLP
       200 S. Biscayne Boulevard, Suite 4100
       Miami, Florida  33131
       Tel.: (305) 347-7342
       Fax: (305) 347-7742
       *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the foregoing Notice of Removal was served electronically upon the following this **12th** day of July, 2019.

| | |
|---|---|
| Edward H. Davis, Jr. | Matthew D. McGill |
| Leyza F. Blanco | Andrew G. I. Kilberg |
| SEQUOR LAW, P.A. | GIBSON, DUNN & CRUTCHER LLP |
| 1001 Brickell Bay Drive, 9th Floor | 1050 Connecticut Avenue, N.W. |
| Miami, Florida  33131 | Washington, D.C.  20036 |
| edavis@sequorlaw.com | mmcgill@gibsondunn.com |
| lblanco@sequorlaw.com | akilberg@gibsondunn.com |

       */s/ Aliette D. Rodz*
       Of Counsel